IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-00001-RLV
(5:09-cr-00038-RLV-DSC-1)

| | |
|---|---|
| JEFFREY DAN HINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's motion for reconsideration of the order dismissing his § 2255 motion to vacate his sentence.

## I.   BACKGROUND

On August 18, 2009, Petitioner was indicted in this District on one count of being a felon-in-possession of a firearm, in violation 18 U.S.C. § 922(g)(1). Petitioner entered into a plea agreement with the Government in which he agreed to plead guilty to the § 922(g) offense and he agreed to waive his right to contest his conviction or sentence in a collateral proceeding except on grounds not relevant here. On October 27, 2009, Petitioner appeared before U.S. Magistrate Judge David Keesler for his Plea and Rule 11 hearing and he was placed under oath. The elements of the § 922(g) charge were explained to Petitioner along with the potential range of penalties and Petitioner averred that he understood the charge and the possible sentence he faced upon conviction. The court accepted Petitioner's plea after concluding that it was knowing and voluntary.

Petitioner's presentence report ("PSR") detailed an extensive history of convictions that

1

were sustained in North Carolina state court which included felony property crimes and over a dozen drug offenses. Based on Petitioner's criminal history, the probation officer concluded that Petitioner qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e). See § 4B1.4 of the U.S. Sentencing Guidelines Manual ("USSG"). (5:09-cr-00038, Doc. No. 21: PSR). On March 7, 2011, Petitioner was sentenced to the mandatory minimum term of 180-months' imprisonment under 18 U.S.C. § 924(e) and he did not appeal. (Id., Doc. No. 24: Judgment).

## II. DISCUSSION

In a pro se § 2255 motion to vacate, Petitioner argued that he was entitled to relief from his sentence because he no longer qualified as an Armed Career Criminal based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the ACCA was void for vagueness and therefore unconstitutional. Specifically, Petitioner reasoned that because his North Carolina conviction for burglary was classified as a misdemeanor the conviction did not qualify as a "violent felony." (5:16-cv-00001, Doc. No. 1 at 4).

Under the ACCA, a defendant that is convicted of an offense under 18 U.S.C. § 922(g) faces a sentence of no less than 15 years nor more than life imprisonment if he has three qualifying convictions for either a "violent felony" or a "serious drug offense," and those convictions are "committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

After conducting an initial review of the pro se § 2255 motion to vacate, the Court found Petitioner's contention that his burglary conviction no longer qualified as a violent felony was erroneous and the motion was dismissed. After the Court entered its order dismissing Petitioner's pro se § 2255 motion to vacate, Petitioner filed a motion for reconsideration and the Federal

2

Defender filed a supporting memorandum in which he argued that Petitioner should be entitled to sentencing relief based on the Fourth Circuit's en banc opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and the Fourth Circuit's opinion in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015). The Government has filed a response and agrees that Petitioner is entitled to sentencing relief because he no longer has the qualifying, serious drug offenses to support his designation as an armed career criminal. (Doc. No. 8: Government's Response).[1]

In Newbold, the Court applied its en banc holding in United States v. Simmons, in which the Court held that in order to determine the maximum sentence that a defendant faces under North Carolina law, the sentencing court must examine the record of the particular defendant before the court and not a hypothetical defendant with the worst possible criminal record.[2]

Petitioner was sentenced for his drug convictions under the provisions of the Fair Sentencing Act (FSA) and the convictions carried presumptive terms of 3-years in prison and a maximum term of 10-years in prison.[3] (5:09-cr-00038, Doc. No. 21: Presentence Report ¶¶ 32-33). In order to impose the maximum term of imprisonment, the state court was required to find aggravating factors to justify the ten-year term. See Newbold, 791 F.3d at 461 (explaining sentencing under the FSA). Petitioner has attached a copy of the state judgment which reflects that the trial court made no aggravating findings; therefore Petitioner did not face a maximum term of 10-years' imprisonment. (Id., Doc. No. 6-1: Judgment). Accordingly, it appears that Petitioner no longer has the qualifying serious drug offenses to support his sentence as an armed career criminal.

---

[1] The ACCA defines a serious drug offense, as is relevant here, as a state conviction "for which a maximum term of imprisonment of ten years or more is prescribed by law . . ." Id. § 924(e)(2)(A)(ii).

[2] In Miller v. United States, the Fourth Circuit held that the Simmons holding was retroactive to cases on collateral review. 735 F.3d 141, 147 (4th Cir. 2013).

[3] The North Carolina General Assembly repealed the FSA effective October 1, 1994, and replaced it with the Structured Sentencing Act. See Newbold, 791 F.3d at 461.

Based on the foregoing, the Court finds that Petitioner's motion for reconsideration of the order dismissing his § 2255 motion to vacate should be granted.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's motion for reconsideration is **GRANTED**. (Doc. No. 4).

2. Petitioner's judgment in this civil case is **VACATED**. (Doc. No. 2).

3. Petitioner's motion to vacate his sentence is **GRANTED**. (Doc. 1).

4. Petitioner shall remain in the custody of the Federal Bureau of Prisons pending his resentencing hearing.

5. The U.S. Probation shall prepare a Supplemental Presentence Report and file the same in the criminal case.

6. The Federal Defenders of Western North Carolina shall represent Petitioner for the purpose of the resentencing hearing and shall have full access to Petitioner's original Presentence Report and the Supplemental Presentence Report.

7. The parties may file sentencing memoranda no later than ten (10) days prior to the resentencing hearing.

8. The Clerk is respectfully directed to certify copies of this Order to the U.S. Probation Office.

9. The Clerk is directed to enter a new civil judgment and to close this case.

**SO ORDERED**.

Signed: July 5, 2016

Richard L. Voorhees
United States District Judge